THE STATE OF MISSOURI *ex rel*. RIPLEY COUNTY, Relator, *v*. THE REGISTER OF LANDS, Respondent.

1. *Swamp lands — Register of lands, duty of, as to the issue of patents of swamp lands to counties.* — The act of March 10, 1869 (Sess. Acts 1869, p. 66), entitled "An act in relation to swamp and overflowed lands," which directs the register of lands to prepare a patent or patents embracing all the swamp and overflowed lands lying within the limits of the several counties of the State, conveying thereby all the title of the State of Missouri in such lands to the counties in which such lands may lie, does not empower that officer to issue to one county patents of lands lying in another. It confers upon him no authority to take jurisdiction of and adjudicate on the rights of rival claimants. He must look at the county lines as they existed at the date of the passage of the act, and be guided by them in the issue of patents to the respective counties.

*Petition for Mandamus.*

*L. Houck* and *S. N. Holliday*, for relator.

I. By the act of 1853, section 1, the title to certain swamp lands was conveyed to the county of Ripley. (Sess. Acts 1853, p. 108.) The county of Ripley was organized in 1840 (Sess. Acts 1840–1, p. 43), and its eastern boundary, as then defined, remained unchanged until 1864. Butler county was organized in 1849 (Sess. Acts 1849, p. 25), its western boundary commencing with the eastern boundary of Ripley county, and so remained without change until the passage of the act of 1864, before referred to. (Adj. Sess. Acts 1863, p. 409.) This act simply changes the eastern boundary, and leaves the right and title of Ripley county in and to its swamp lands the same as before the change in the boundary. The title, then, remains where it was vested by the laws of the State enacted prior to the change in the boundary in 1864.

II. A change of boundary did not affect the title of Ripley county to these lands. (The Inhabitants of Windham v. Port-

land, 4 Mass. 384, 389, 390 ; Hampshire v. Franklin, 16 Mass. 75, 86 ; Hartford Bridge Co. v. Town of East Hartford, 16 Conn. 149, 164 ; North Yarmouth v. Skillings, 45 Me. 133, 142.)

*H. B. Johnson*, for respondent.

I. The act of March, 1869, makes it the duty of the register of lands to patent to the several counties all the swamp or overflowed lands lying within their limits. (Sess. Acts 1869, p. 66, § 1.) He must patent with reference to the present county boundaries, which he has done, and he has no authority to try the title of defunct counties to the same lands dependent on their ancient boundaries.

II. If the county of Ripley has any title to these lands, it has a plain remedy at law. Courts will not interpose and determine titles to property by *mandamus* where the parties have other remedies. (Draper v. Noteware, 7 Cal. 276 ; Williams v. Judge Cooper County, 27 Miss. 225 ; State v. Jacobs, 2 Dutch. 135 ; Morgan y. Monmouth, etc.; *id.* 99 ; Commonwealth v. Supervisors, etc., 29 Penn. St. 121 ; Shepley v. Mechanics' Bank, 10 Johns. 484 ; Boyce v. Russell, 2 Cow. 444 ; People v. President, etc., 1 Wend. 318 ; *Ex parte* Lynch, 2 Hill, 45 : *Ex parte* Firemen's Ins. Co., 6 Hill, 243 ; People v. Stevens, 5 Hill, 616.)

CURRIER, Judge, delivered the opinion of the court.

The act of March 10, 1869 (Sess. Acts 1869, p. 66), entitled "An act in relation to swamp and overflowed lands," enacts as follows (§ 1) : "In order to convey to the different counties in the State of Missouri a complete title to all the swamp and overflowed lands which were granted and have been patented to the State of Missouri by an act of Congress entitled 'An act to enable the State of Arkansas and other States to reclaim the swamp lands within their limits,' approved September 28, 1850, the register of lands is hereby directed to prepare a patent or patents embracing all the swamp or overflowed lands lying within the limits of the several counties of this State, conveying thereby all the title and interest in the State of Missouri in and to such lands to the counties in which such lands may lie."

This is a petition presented by the county of Ripley for a peremptory writ of *mandamus*, to be directed to the register of lands, requiring that officer, under the authority of the above-quoted provision of the act of March 10, 1869, to patent to the county of Ripley certain swamp and overflowed lands which do not lie within the limits of that county. The act directs the register of lands to patent the lands described in the act to the counties in which such lands lie or are situated. He is not empowered by the act to issue patents for lands lying in one county to a county other than that in which they are situated. But that is precisely what the relator asks may be done in this case; that is, that certain lands lying within the limits of Butler county may be patented to the county of Ripley.

The petition avers that Ripley county is the owner of certain swamp lands lying within the limits of Butler county, and within the limits of that county as they have existed since 1864. If that is so, the county has at its command all requisite legal remedies for the enforcement of its rights. At all events, the act of March 10, 1869, confers upon the register of lands no authority to take jurisdiction of the subject and adjudicate upon the rights of rival claimants. He must look to the county lines as they existed at the date of the act, and be guided by them in the issue of patents to the respective counties, as the act directs him to do.

The writ will be denied. The other judges concur.